**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DOREEN JANICE CURRY,

      Plaintiff-Appellant,

v.

MAZZIO'S CORPORATION,

      Defendant-Appellee.

No.  02-5199
(D.C. No. 02-CV-33-H(M))
(N.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **EBEL** , **PORFILIO** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Plaintiff Doreen Janice Curry appeals from the entry of summary judgment

for defendant Mazzio's Corporation in this action alleging racial discrimination in

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

employment.  The following passage from *Jones v. Denver Post Corp.*, 203 F.3d 748 (10 th Cir. 2000), summarizes the principles governing our consideration of this appeal:

> We review the district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  We view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury.

*Id.* at 751 (citations and quotations omitted).  We consider the substantive issues argued by Ms. Curry in light of these principles and conclude that summary judgment was properly granted for the reasons explained below.  We also address several procedural objections raised by Ms. Curry and conclude that none of these involves an abuse of the district court's discretion.  Accordingly, we affirm.

While working for a temporary employment agency, Ms. Curry was placed with Mazzio's on a "temp-to-perm" basis.  The situation soured almost immediately.  Ms. Curry's list of complaints included such office minutia as the placement of a calculator and telephone, but her primary grievances involved company smoking policies, strict time/attendance requirements insisted upon by her supervisor, and unspecified "extra work" imposed on her.  Within a month, complaints she voiced to her employment agency led to the termination of her

assignment with Mazzio's. She later filed employment discrimination actions against her employment agency and Mazzio's, both of which ended in summary judgment being entered for the defendants. This court recently affirmed summary judgment for the agency. *See Curry v. Robert Half Int'l, Inc.*, No. 02-5198, 2003 WL 21437208 (10 th Cir. June 23, 2003).

The district court granted summary judgment for Mazzio's "[f]irst and foremost [because] there is a dearth of evidence of racial animus." R., doc. 53 at 1. We agree with this assessment of the record. Mazzio's has articulated and substantiated legitimate reasons for application of its anti-smoking policy to Ms. Curry (like other permanent/potentially permanent employees brought in after the policy went into effect, she was not allowed to smoke on company grounds while longstanding employees could still do so) and the work attendance/documentation requirements imposed on Ms. Curry by her supervisor (attributed to both the supervisor's absences for training and Ms. Curry's temp-to-perm status). As for office equipment, Mazzio's explained that Ms. Curry was hired during a period of transition and used a computer on a common-area table that happened to have a phone and calculator; when a new employee was placed with her, the calculator (which the computer made redundant) was given to the new employee and the phone was simply moved a few feet, remaining available to both. As for her amorphous complaint about

extra work, Mazzio's responded that her supervisor gave her a stack of reading material and asked her to help out wherever she was needed when the supervisor was scheduled for training and would be unavailable to direct her in the event she had nothing to do. Mazzio's emphasized, however, that she was never required to stay overtime, to work hours in excess of others, or to do tasks her white co-workers were not also asked to do.

Ms. Curry responded by reasserting her complaints and her belief that racial bias was the motivation behind the events in question. That is not a proper case for pretext. Once an employer provides a legitimate basis for its conduct, the onus is on the employee to offer evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions *in the employer's proffered legitimate reasons for its action* that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (emphasis added and quotations omitted). Without such evidence, the case came down to Mazzio's substantiated non-discriminatory explanation against Ms. Curry's bald accusation of racism. This court has repeatedly held that a "[p]laintiff's mere conjecture that [her] employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial of summary judgment." *Jones*, 203 F.3d at 754 (quotations omitted).

Ms. Curry challenges the affidavits submitted by Mazzio's in support of summary judgment, arguing that the affiants lacked personal knowledge of the events Ms. Curry was complaining about. With respect to the affidavit submitted by Ms. Curry's own supervisor, this argument is frivolous. As for the rest, her objection simply misses the point of the affidavits. They establish, explain, and evidence the enforcement of policies cited by Mazzio's for its conduct in this case. Regardless of their ignorance of Ms. Curry's circumstances, the affiants demonstrate personal knowledge of and experience with the policies involved. Their affidavits are thus both competent and relevant.

Ms. Curry contends that the district court wrongly dismissed her retaliation claim during the proceedings on her initial motion for summary judgment. She insists the court misunderstood her claim when rejecting it on the basis that, even if her complaints about Mazzio's had something to do with the termination of her placement there, that action was taken by her employment agency, not Mazzio's. She maintains that the focus of the retaliation claim was, rather, on her treatment by her supervisor, which she argues was the retaliatory consequence of (unspecified) problems the supervisor had had with other minority employees. *See* Aplt. Br. at 15. By characterizing her claim in this fashion, however, she highlights a patent legal deficiency in her position. The first prerequisite of any retaliation claim is the plaintiff-employee's *protected opposition to unlawful*

*discrimination*, prompting the employer's retaliatory conduct. *See, e.g.*, *Hysten v. Burlington N. & Santa Fe Ry. Co.*, 296 F.3d 1177, 1183 (10th Cir. 2002); *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1263 (10th Cir. 1998). Ms. Curry does not allege or even suggest that she engaged in any protected activity in connection with her supervisor's treatment of the other minority employees to whom she vaguely alludes here.

We turn now to Ms. Curry's various procedural objections. First of all, she contends the district court wrongly denied her request to appoint counsel. "The appointment of counsel in a civil case is left to the sound discretion of the district court." *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994). The district court expressly considered the relevant factors summarized in *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995), *see* R., doc. 14 at 1-2, and we cannot say its resultant decision was an abuse of discretion. Indeed, the case turned on facts which were relatively uncomplicated and largely within Ms. Curry's personal knowledge.

Ms. Curry argues that the district court should have granted her motion for a transcript of the summary judgment proceedings at government expense. For reasons which are not clear, she bases her asserted entitlement to a transcript on Section 1102 of the Civil Practice Law and Rules for the State of New York, which has no application here. A request for a free transcript in a civil federal

case is governed by 28 U.S.C. § 753(f), and the district court's ruling on such a request is reviewed solely for abuse of discretion, *see Carlile v. S. Routt Sch. Dist. RE-3J*, 739 F.2d 1496, 1501 (10th Cir. 1984). Apart from mistakenly relying on the state rule for an asserted entitlement, Ms. Curry advances no substantive argument to challenge the district court's ruling or to suggest how any particular matter that surfaced only at the hearing would be material to the disposition of this appeal. In light of these omissions and the lack of merit in the issues we have already discussed, we cannot say the district court abused its discretion in denying her a free transcript under § 753(f).

Ms. Curry also assigns as error the denial of her "Motion to Terminate D[e]position," which raised a number of procedural objections to the conduct of her deposition. Pursuant to authority granted in 28 U.S.C. § 636(b)(1)(A), the magistrate judge denied this non-dispositive pretrial motion. *See* R., doc. 45. The district court docket reveals that Ms. Curry did not move for reconsideration of the magistrate judge's ruling before the district court. "'[A]ppellate courts are without power to hear appeals directly from orders of federal magistrates,'" and, thus, in light of Ms. Curry's failure to seek district court review of the magistrate judge's order, "we may not consider the issues decided in that order on appeal." *Pippinger v. Rubin*, 129 F.3d 519, 533, 534 (10th Cir. 1997) (quoting *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986)).

Ms. Curry objects to the district court's denial of her initial motion for summary judgment on the ground that it lacked evidentiary materials to support her factual allegations. *See* R., doc. 22. The district court's ruling was fully in accord with controlling summary judgment standards. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10 th Cir. 2002) ("[S]ummary judgment is appropriate under Rule 56(e) only when the moving party has met its initial burden of production under Rule 56(c). If the evidence produced in support of the summary judgment motion does not meet this burden, summary judgment must be denied even if no opposing evidentiary matter is presented." (quotations and emphasis omitted)).

Finally, Ms. Curry appears to argue that summary judgment should not have been entered for Mazzio's when she had not yet received discovery responses to which she was entitled. She does not indicate the specific subject matter of the discovery, much less explain what material facts she expected to uncover. In any event, "if [Ms. Curry] felt [s]he could not oppose defendant['s] motion[] for summary judgment without more information, [s]he should have submitted an affidavit pursuant to Fed. R. Civ. P. 56(f) requesting a continuance until further discovery was had." *DiCesare v. Stuart*, 12 F.3d 973, 979 (10 th Cir. 1993). Her pro se status did not exempt her from this obligation and, thus, "we find no abuse of discretion in [the district court's] deciding the summary judgment motion before discovery was completed." *Id.*

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge